IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LENNIS CASANOVA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:20-cv-872 |
| | § | |
| ROGER BEASLEY MAZDA, INC., | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
DEMAND FOR JURY TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

PLAINTIFF LENNIS CASANOVA, by and through her counsel, files this Complaint against Defendant ROGER BEASLEY MAZDA, INC. for willful violations of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("ADEA") and the Texas Labor Code §21.051 *et seq.* ("TCHRA"). In support of her causes of action, Plaintiff states the following:

**I.
INTRODUCTION**

1. Ms. Casanova brings this action alleging that Defendant discriminated against her by terminating her because of her age, in violation of the ADEA and TCHRA. Defendant terminated Ms. Casanova at the age of 55, after two decades in the automotive sales industry and a spotless employment history at Roger Beasley Mazda. In January 2019, Ms. Casanova's supervisor was replaced with a new hire, Saundra Fredericks, who, upon information and belief, was in her early 30s. Ms. Fredericks terminated Ms. Casanova on October 14, 2019, despite Ms. Casanova never having been reprimanded, counseled, coached or warned about her performance.

Ms. Fredericks' reasoning for terminating Ms. Casanova was that she "didn't seem happy" in her position. Plaintiff seeks damages for age discrimination as outlined below.

## II.
## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff LENNIS CASANOVA is an individual residing in Manor, Texas.

3.      Defendant ROGER BEASLEY MAZDA, INC. ("Roger Beasley") is a corporate entity formed and existing under the laws of the State of Texas.

4.      Defendant, at all relevant times, operated at multiple vehicle retail and service locations throughout central Texas.

5.      The events at issue in this Complaint occurred at Defendant's storefront at 6825 Burnet Road in Austin, Texas.

6.      This Court has jurisdiction to hear the merits of Ms. Casanova's claims under 28 USC § 1331.

7.      Ms. Casanova exhausted her administrative remedies under the ADEA and TCHRA by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission, Civil Rights Division ("TWC"), and receiving notice of her right to file this action pursuant to those statutes.

8.      Venue is proper in this district and division under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## III.
## FACTUAL BACKGROUND

9.      In September 2018, Ms. Casanova began working for Roger Beasley as a Service Advisor.

10.    Ms. Casanova was a productive employee who incurred no discipline throughout her time at Roger Beasley.

11.    Based on her strong performance, Defendant promoted Ms. Casanova to Internal Service Advisor in late 2018.

12.    In January 2019, Ms. Casanova's hiring supervisor departed the company and was replaced by Saundra Fredericks. Upon information and belief, Ms. Fredericks is substantially younger than Ms. Casanova.

13.    On October 14, 2019, Ms. Fredericks terminated Ms. Casanova. When Ms. Casanova requested an explanation, Ms. Fredericks said it was because Ms. Casanova "didn't seem happy" working for Defendant.

14.    Ms. Casanova always performed her job duties enthusiastically and never received any warning, coaching, counseling, or reprimands for any deficiency in her performance at Defendant. Ms. Casanova never received a performance evaluation.

15.    Ms. Casanova was among the oldest employees in her division at the time of her termination.

16.    Ms. Casanova was 55 years old when she was terminated.

17.    Thereafter, Defendant replaced Ms. Casanova with a substantially younger employee.

18.    On November 21, 2019, Ms. Casanova dual filed a charge of age discrimination with the EEOC and TWC, and subsequently received notice of her right to sue.

## IV.
## CAUSES OF ACTION

### Count 1: Age Discrimination

19.    Ms. Casanova incorporates all statements of fact into her first cause of action as if repeated verbatim.

20.    The Age Discrimination in Employment Act ("ADEA") and the TCHRA prohibit discrimination targeted at an employee over 40 years of age on the basis of her age.

21.    Defendant is an employer within the meaning of the ADEA and the TCHRA.

22.    Ms. Casanova was an employee within the meaning of the ADEA and the TCHRA at all times relevant to her Complaint.

23.    Ms. Casanova, an employee over 40 years of age, belongs to a class protected under the ADEA and the TCHRA.

24.    Despite her stellar work history and qualifications, Defendant unjustifiably terminated Plaintiff and replaced her with a substantially younger employee.

25.    Defendant's decision to terminate Ms. Casanova was because of her age.

26.    Defendant discriminated against Ms. Casanova based on her age intentionally and with reckless disregard to Ms. Casanova's rights under the ADEA and the TCHRA.

27.    The unlawful practices committed by Defendant directly caused Ms. Casanova's damages, as set forth below.

## V.
## DAMAGES

28.    As a result of Defendant's unlawful conduct, Ms. Casanova has suffered economic damages, including past and future lost income, interest on back and front pay, job search expenses, and other consequential and incidental financial damages.

29.    Defendant acted in reckless disregard to Ms. Casanova's right to be free from age discrimination and intentionally engaged in an unlawful employment practice by discriminating against Ms. Casanova.

30.    Defendant's oppressive and/or malicious conduct calls for the imposition of damages in an amount sufficient to deter Defendant from engaging in such acts of discrimination in the future in the form of:

(a) liquidated damages under 29 U.S.C. § 626(b); and/or

(b) Compensatory and punitive damages pursuant to Texas Labor Code § 21.2585.

## VI.
## ATTORNEYS' FEES

31.    A prevailing party may recover reasonable attorneys' and experts' fees under the ADEA and TCHRA.

32.    Ms. Casanova seeks all reasonable and necessary attorneys' fees and expert witness fees in this case from Defendant.

33.    Ms. Casanova additionally seeks recovery of all costs associated with the prosecution of this action.

## VII.
## JURY DEMAND

34.    Ms. Casanova demands a trial by jury of all the issues and facts in this case.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Ms. Casanova requests that:

1.  The Court assume jurisdiction of this cause and that Defendants be cited to appear;

2.  The Court award Ms. Casanova economic damages, as specified above;

3.  The Court award Ms. Casanova compensatory, punitive, and/or liquidated damages, as specified above;

3.  The Court award Ms. Casanova the equitable remedy of reinstatement or, in the alternative, front pay;

4.  The Court award Ms. Casanova her reasonable attorneys' and expert fees and costs;

5.  The Court award Ms. Casanova pre- and post-judgment interest at the highest rates allowed; and

6.  The Court award Ms. Casanova any such other relief as the Court may find proper, whether at law or in equity.

Respectfully submitted,

ROSS SCALISE LAW GROUP
1104 San Antonio Street
Austin, Texas 78701
T: (512) 474-7677
F: (512) 474-5306

*/s/ Daniel B. Ross*
**Daniel B. Ross**
State Bar No. 00789810
Dan@rosslawgroup.com
**Trenton N. Lacy**
State Bar No. 24106176
Trenton@rosslawgroup.com

**ATTORNEYS FOR PLAINTIFF**